UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

**DANIEL MANNING**  CIVIL ACTION NO. 21-2015

SECTION P

**VS.**

JUDGE S. MAURICE HICKS, JR.

**LOUISIANA INDIGENT DEFENDER**  MAG. JUDGE KAYLA D. MCCLUSKY
**BOARD, ET AL.**

**REPORT AND RECOMMENDATION**

Plaintiff Daniel Manning, a prisoner at Claiborne Parish Detention Center proceeding pro se and in forma pauperis, filed this proceeding on approximately August 4, 2021, under 42 U.S.C. § 1983. He names the following defendants: Louisiana Indigent Defender Board ("LIDB"), the Regional Director of the LIDB in his or her individual and official capacities, and Attorney Jeffery Sampson, Jr.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

**Background**

Plaintiff maintains that on March 12, 2021, he was arrested for aggravated assault on a peace officer. [doc. # 5-1, p. 4]. He pled guilty to the charge. [doc. # 7-1, p. 1].

Plaintiff claims that his public defender, Jeffery Sampson, Jr., rendered ineffective assistance by failing to send him discovery and a bill of information, failing to file pre-trial motions, failing to perform an investigation, and failing to communicate with him. *Id.* at 1, 4. Plaintiff also claims that on May 25, 2021, Sampson threatened him, stating, "If you don't take a

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

plea of 1 year hard labor right now, the district attorney will multi-bill you and give you a lot of damned time." *Id.* at 4.  Plaintiff alleges that Sampson "did not perform any of his duties" and also "acted with the District Attorney to gain a guilty plea maliciously." [doc. # 12, p. 1]. Plaintiff maintains that Sampson "was arrested on felony drug and gun charges" several weeks later. [doc. # 7-1, p. 4].

Plaintiff claims that the LIDB failed to respond to his letter concerning Sampson's alleged ineffective assistance. *Id.*  He also faults the LIDB for "not investigating and enforcing criteria set forth by Louisiana law involving IDB attorneys." [doc. # 12, p. 2].

Plaintiff claims that the Regional Director of the LIDB failed "to enforce board rules" and failed to investigate complaints about Sampson. [doc. # 7-1, p. 5].  He faults the Regional Director for "not monitoring its [sic] IDB attorneys in their practices." [doc. # 12, p. 2].

Plaintiff asks the Court to declare: (1) that the LIDB failed to investigate "many complaints" about Sampson; (2) that the Regional Director failed to enforce board rules and failed to investigate complaints about Sampson; and (3) that Sampson failed to provide effective assistance of counsel. *Id.* at 5-6.  Plaintiff asks the Court to order the LIDB and the Regional Director to "effectively investigate all complaints against public defenders and make [a] written investigative report on the investigation and the outcomes, including but not limited to disciplinary reports." *Id.* at 6.

Plaintiff seeks compensation for (1) his "physical and emotional injuries sustained as a result of" Sampson's ineffective assistance and (2) "the deprivation of liberty . . . and emotional injury resulting from [defendants'] denial of due process in connection with [Plaintiff's] criminal proceeding." *Id.* at 7.  Plaintiff also seeks punitive damages. *Id.*

2

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was

4

committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. LIDB**

Liability under 42 U.S.C. § 1983 only applies to "person[s]" who deprive others of rights secured by the Constitution. "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "State agencies . . . are not 'persons' within the meaning of the statute." *Lumpkins v. Off. of Cmty. Dev.*, 621 F. App'x 264, 268 (5th Cir. 2015) (quoting *Will*, 491 U.S. at 71)).

The LIDB—or more precisely, the Louisiana Public Defender Board—is a state agency. LA. REV. STAT. § 15:146(A). Thus, the LIDB is not a "person" under Section 1983.[3] Accordingly, the Court should dismiss Plaintiff's claims against the LIDB.[4]

**3. Plaintiff's Public Defender**

Plaintiff seeks relief from his public defender, Jeffery Sampson, Jr. To state a claim under Section 1983, a plaintiff must allege that a defendant acted "under color" of state law. 42 U.S.C. § 1983. "[A] public defender does not act under color of state law when performing a

---

[3] *See Lavergne v. Pub. Def. Fifteenth Jud. Dist. Ct.*, 2014 WL 931502, at *4 (W.D. La. Mar. 10, 2014), *aff'd sub nom. Lavergne v. Pub. Def. 15th Jud. Dist. Ct.*, 583 F. App'x 362 (5th Cir. 2014); *Ingram v. Louisiana Off. of Indigent Defs. Bd.*, 2013 WL 1637121, at *3 (E.D. La. Mar. 13, 2013), *report and recommendation adopted,* 2013 WL 1637062 (E.D. La. Apr. 16, 2013).

[4] "Moreover, even if it were amenable to suit under Section 1983, numerous courts have concluded that public defenders' offices are not state actors for purposes of Section 1983." *Lawrence v. Jefferson Par. Pub. Defs.*, 2021 WL 1733996, at *6 (E.D. La. May 3, 2021) (*citing Amir-Sharif v. Dallas Cnty. Pub. Defen. Office*, 233 Fed. Appx. 364 (5th Cir. 2007) (holding that Dallas County Public Defenders Office was not a state actor under Section 1983); *Johnson v. Louisiana*, 2009 WL 1788545 (W.D. La. 2009)).

lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981).

Attorney Sampson, Jr., did not act under color of state law. *See Ellison v. De La Rosa*, 685 F.2d 959, 960 (5th Cir. 1982) (finding, where the plaintiff alleged that his counsel was ineffective "for allowing two fundamentally defective indictments to be prosecuted against him," that counsel was performing a lawyer's traditional function); *Amir-Sharif v. Dallas Cty. Pub. Defs. Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (finding, where a plaintiff was concerned with the "quality of legal assistance being provided to him by appointed counsel and the public defender[,]" that "the attorney defendants . . . are not state actors for § 1983 purposes."); *Linn v. Saitin*, 575 F. App'x 531, 532 (5th Cir. 2014) (affirming, where the plaintiff alleged that a public defender and her supervisor rendered ineffective assistance, that the defendants were not state actors).[5]

Plaintiff alleges that Sampson, Jr., threatened him when he stated, "If you don't take a plea of 1 year [sic] hard labor right now, the district attorney will multi-bill you and give you a lot of damned time." This allegation, however, does not render Sampson, Jr., a state actor. *See Henderson v. Jasper Police Dep't*, 438 F. App'x 356, 357 (5th Cir. 2011) (finding, where the

---

[5] *See also O'Brien v. Colbath*, 465 F.2d 358 (5th Cir. 1972) (holding that the ineffective assistance of a public defender in a criminal case does not raise a claim cognizable under Section 1983 because no "state action" is involved and because Section 1983 was not intended as a "vehicle for prosecuting malpractice suits against court-appointed attorneys."); *U.S. ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976) ("The court-appointed attorney, like any retained counsel, serves his client. He represents the client, not the state. The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish obtains its authority from statute, do not alter the attorney-client relationship. That relationship is our concern here. Accordingly, the district court correctly disallowed any [Section] 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.").

plaintiff alleged that her attorney "threatened her into pleading guilty[,]" that her claim was "without merit because she has not shown that he was an official state actor.").

For the first time, in his amended pleading, Plaintiff claims that "Sampson, Jr., acted with the District Attorney to gain a guilty plea maliciously." [doc. # 12, p. 1]. This conclusory allegation is insufficient to classify Sampson, Jr., as a state actor. Plaintiff does not plausibly allege an actual conspiracy; he does not describe an agreement or concerted action to commit an illegal act. *See Mills*, 837 F.2d at 677 (finding, where the plaintiff conclusorily alleged that his "court-appointed attorney conspired with the judge and prosecutor when the attorney agreed to proceed upon an altered indictment, when he gave Mills erroneous legal advice and when he refused to provide Mills with an opportunity to examine personally certain exculpatory evidence[,]" that the allegations reflected "independent judgments and actions of the private attorney in the course of representing the defendant during trial.").[6]

The Court should dismiss Plaintiff's claims against Sampson, Jr.

## 4. Regional Director of the LIDB

Plaintiff claims that the Regional Director of the LIDB failed "to enforce board rules" and failed to investigate complaints about Sampson. [doc. # 7-1, p. 5]. He faults the Regional Director for "not monitoring its [sic] IDB attorneys in their practices." [doc. # 12, p. 2]. He asks the Court to order the Regional Director to "effectively investigate all complaints against public

---

[6] *See also Linn*, 575 F. App'x at 532 (rejecting the plaintiff's argument that his counsel acted in concert with the prosecution because the plaintiff "made only generalized allegations of concerted action, which [were] insufficient to establish the existence of a conspiracy."); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (a plaintiff's "mere characterization" of a defendant's conduct "as conspiratorial or unlawful [does] not set out allegations upon which relief can be granted."); *Miller v. Graham*, 447 F. App'x 549, 551 (5th Cir. 2011) ("Miller has presented no specific facts showing an agreement between the private defendants and any state actor in this case.").

defenders and make [a] written investigative report on the investigation and the outcomes, including but not limited to disciplinary reports."

"Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; or (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Texas Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "'[A] plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation.'" *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quoting *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003)).

Plaintiff does not plausibly allege that the Regional Director affirmatively participated in any act that caused a constitutional deprivation or that there was a sufficient causal connection between the Regional Director's conduct and any alleged constitutional violation.[7] While Plaintiff alleges that the Regional Director Failed "to enforce board rules[,]" failed to investigate complaints about Sampson, and failed to monitor LIDB attorneys, he does not allege that the

---

[7] *See Dedrick v. Richards*, 47 F.3d 425 (5th Cir. 1995) ("An official who is sued in her individual capacity cannot be liable under § 1983 on the theory of *respondeat superior;* to be liable she must have been personally involved in the plaintiff's injury."); *Salcido v. Univ. of S. Mississippi*, 557 F. App'x 289, 292 (5th Cir. 2014) ("To make out a § 1983 claim against the Defendants in their individual capacities, Salcido must show that they were either personally involved in the constitutional violations alleged or that their wrongful actions were causally connected to the constitutional deprivation.").

Regional Director was involved—or caused—either Sampson's actions or any constitutional violation.[8]

Instead, Plaintiff pleads only vicarious liability. *See Polk Cty. v. Dodson*, 454 U.S. 312 (1981) (finding, where the plaintiff alleged that an Offender Advocate assigned an ineffective appellate counsel and established the rules and procedures for counsel, that plaintiff failed to present a claim because he relied on "a *respondeat superior* theory of liability."); *Walton v. Par. of LaSalle*, 258 F. App'x 633 (5th Cir. 2007) ("The head of the Indigent Defender's Board may not be held liable under § 1983 for appointing counsel to represent Walton.").

Plaintiff does not allege that the Regional Director implemented an unconstitutional policy, practice, custom, or procedure that deprived him of procedural due process. *See Polk Cty.*, 454 U.S. at 326 (finding that an Offender Advocate was not liable based on public defenders seeking to withdraw as appellate counsel for indigent defendants where there was no allegation that any deprivation was caused by a constitutionally forbidden rule or procedure).

Plaintiff does allege that the Regional Director failed to investigate complaints about Sampson and failed to monitor "IDB attorneys[,]" but these allegations are conclusory. For example, he does not plausibly allege that any failure to investigate complaints *caused* a constitutional deprivation because he does not specify whether complaints against Sampson occurred before or after Sampson represented him. More important, he does not detail the nature

---

[8] *See Milam v. City of San Antonio*, 113 F. App'x 622, 628 (5th Cir. 2004) ("[I]it is hard to see how a policymaker's ineffectual or nonexistent response to an incident, which occurs well *after* the fact of the constitutional deprivation, could have *caused* the deprivation."); *see also Taylor v. Cockrell*, 2004 WL 287339 at *1 (5th Cir. 2004) ("claims that [] defendants violated [a plaintiff's] constitutional rights by failing to investigate his grievances fall short of establishing a federal constitutional claim."); *Robinson v. U.S., Fed. Bureau of Investigation*, 185 F. App'x 347, 348 (5th Cir. 2006) ("The alleged failure to investigate complaints and to take action in response to them does not provide a basis for a civil rights suit.").

9

of the alleged complaints against Sampson and thus does not establish that any complaints were sufficiently similar to his complaint. In turn, he does not plausibly allege that the Regional Director was deliberately indifferent to known or obvious consequences of any failure to supervise or monitor Sampson. *See Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 227 (5th Cir. 2020) (finding no failure to supervise because none of the other instances of wrongdoing alleged bore the "necessary similarity" to the misconduct the plaintiff experienced).

Finally, Plaintiff claims that the Regional Director breached two state statutes, which Plaintiff refers to as "board rules." [doc. # 5-1, pp. 5-6]. These claims are not cognizable under Section 1983: "[A] violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights." *Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

Accordingly, the Court should dismiss Plaintiff's claims against the Regional Director.[9]

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Daniel Manning's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

---

[9] Even if Plaintiff stated a plausible claim against the Regional Director, his claim would be barred under *Heck v. Humphrey,* 512 U.S. 477, (1994), because the claim is premised on the underlying allegation that Sampson, Jr., provided ineffective assistance of counsel, and a finding in plaintiff's favor on that issue would necessarily imply the invalidity of Plaintiff's conviction.

10

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 15th day of October, 2021.

                                                    Kayla Dye McClusky
                                                    United States Magistrate Judge